**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**AT WHEELING**

MATHIS JOHNSON,

       Plaintiff,

v.                                                                    CIVIL ACTION NO. 5:25-cv-00188

JUDGE BAILEY and
JUDGE MAZZONE and
OFFICER BERKENSTOCK PPD and
CHURCH OF CHRIST BUCKEY ST. and
WVDCR & MILITARY AFFAIRS and
LES THOMPSON, *Unit Manager HCC*, and
KAYLA BREWER, *HCC*, and
HCC SEQ and
DONALD TRUMP and
HCC MEDICAL and
WVDCR,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending are Plaintiff Mathis Johnson's *pro se* Letter-Form Objections [ECF 22] to the Proposed Findings and Recommendations ("PF&R") entered by the Honorable Joseph K. Reeder, United States Magistrate Judge, on February 17, 2026. [ECF 18]. The matter is ready for adjudication.

**I.**

This action was previously referred to Magistrate Judge Reeder for submission of a PF&R. Magistrate Judge Reeder filed his PF&R on February 17, 2026 [ECF 18], in which he addressed Mr. Johnson's *pro se* Motion for Change of Venue. [ECF 9]. Magistrate Judge Reeder recommended the Court deny Mr. Johnson's Motion as moot, and alternatively, deny the Motion

on the merits. [ECF 18 at 3].

## II.

Federal law provides that "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see Samples v. Ballard*, 860 F.3d 266, 272. Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See id.*; *see also Thomas v. Arn*, 474 U.S. 140 (1985) (stating that review of a magistrate judge's factual or legal conclusions is not required as to those portions of the findings or recommendation to which no objections are addressed); *United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). "Moreover, a general objection to a magistrate judge's findings is not sufficient [to trigger de novo review] -- 'a party must object to the [magistrate's] finding or recommendation . . . with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *United States v. Benton*, 523 F.3d 424, 428 (4th Cir. 2008) (quoting *United States v. Midgette*, 478 F.3d 626, 621–22 (4th Cir. 2007)); *see Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("Courts have also held de novo review to be unnecessary . . . when a party makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations.").

Mr. Johnson fails to assert any clear objection to Magistrate Judge Reeder's findings in the PF&R. [*See* ECF 22]. Instead, he reiterates his claims against Judge Bailey. As explained by Magistrate Judge Reeder, after Mr. Johnson filed his motion, the Chief Judge of the

United States Court of Appeals for the Fourth Circuit designated the undersigned to preside over this matter. [ECF 6; ECF 18 at 2]. Accordingly, "no judicial officer of the Northern District of West Virginia who is a named defendant is presiding over this case." [ECF 18 at 2].

Inasmuch as Mr. Johnson's Letter-Form Objections fail to direct the Court to a specific error in Magistrate Judge Reeder's findings, Mr. Johnson's objections are **OVERRULED**.

## III.

For the foregoing reasons, the Court **OVERRULES** Mr. Johnson's objections [**ECF 22**], **ADOPTS** the PF&R [**ECF 18**], **DENIES as MOOT,** and alternatively, **DENIES** on the merits Mr. Johnson's Motion for Change of Venue [**ECF 9**], and **ORDERS** the case be **REFERRED** anew to Magistrate Judge Reeder under the terms of the original referral order.

The Court directs the Clerk to transmit a copy of this Order to counsel of record and any unrepresented party.

ENTER:        March 17, 2026

Frank W. Volk
Chief United States District Judge